[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married on November 5, 1988 in New Haven, Connecticut. By complaint dated July 31, 2001, the Wife instituted this action claiming a legal separation, joint legal custody of the minor children, physical custody of the minor children, child support, alimony, an assignment of all or part of the estate of the Husband, life insurance upon the life of the Husband, medical insurance benefits for the minor children, reasonable counsel fees, and other relief as law and equity might provide. The Husband filed an Answer and Cross Complaint dated August 16, 2001, claiming a dissolution of the marriage, joint custody of the minor children with reasonable parenting time, an equitable distribution of the assets of the parties, and other relief as law and equity might provide. The Husband filed an Amended Answer and Cross Complaint dated November 9, 2001 seeking custody of the minor children.
Two minor children were born issue of this marriage: Annmarie, born May 23, 1992 and Andrew, born August 16, 1990.
The Wife is age 43 and has numerous medical conditions which she claims effects her ability to work. The Husband is age 44 and in fair health, he too is having medical problems which may in the future affect his ability to work.
The court finds that both parties are equally responsible for the breakdown of the marriage. The Wife's medical conditions affected her ability to have a relationship with the Husband and to maintain the household. The Husband's inability to understand the Wife's condition and to demand that she be more active caused this relationship to deteriorate. The Wife is presently enrolled in school which she will finish in 2005 and then be able to earn substantially more money than she is claiming to earn now. She goes to school 4 days per week, approximately 3 — 4 hours per day, presently, and has missed few, if any, days of school. She works part time at Kohl's and continues to perform as a hairdresser for family and friends. The Wife testified that she earns CT Page 14424 $20.00 per week as a hairdresser, then Husband testified that she earns much more than that amount.
The Court finds that residence requirements have been satisfied and neither party has been the recipient of public assistance. All pertinent criteria outlined in Chapter 81 5j of the General Statutes were considered by the court in the entry of the following orders as well as the evidence, testimony and claims of law made by the parties:
ORDERS:
DISSOLUTION OF MARRIAGE
A decree dissolving the marriage on the grounds of irretrievable breakdown shall enter on November 13, 2002.
STIPULATION OF THE PARTIES
The parties have entered into a written Stipulation dated October 29, 2002 in regards to many issues which is attached hereto and made a part hereof. There are still some issues which are in dispute. It was the agreement of the parties that the Court enter orders in accordance with the agreement and enter its own orders as to the disputed issues. Therefore, the court approves the Stipulation dated October 29, 2002 and enters its orders in accordance with the agreed upon and disputed issues as follows:
 CUSTODY AND VISITATION
By agreement of the parties, the parties shall share joint legal custody of the two minor children; primary physical custody of Andrew with the Husband and primary physical custody of Annmarie with the Wife. Said physical custody is subject to the rights of reasonable, liberal and flexible visitation to include, at a minimum:
A. The Wife shall have both children with her from Friday after school until Saturday at 6:30 p.m.;
B. The Husband shall have both children with him from Saturday at 6:30 p.m. until Sunday at 6:30 p.m.;
C. The Wife shall have visitation with Andrew on Tuesdays.
D. The Husband shall have visitation with Annmarie on Thursday. CT Page 14425
E. The Christmas holiday shall be shared as follows: the children shall be with the Husband on Christmas Eve day from 12:00 noon to Christmas morning at 9:00 a.m. and thereafter with the Wife until 11:00 p.m. The remainder of the Christmas vacation shall be the usual schedule at a minimum with additional visitation as agreed between the parties;
F. The parties shall be entitled to have each of the children with him/her on holidays as follows:
i. New Years Eve, overnight to 10:00 a.m. New Years Day with the Husband; New Years Day from 10:00 a.m. until 9:00 p.m. with the Wife;
ii. Easter, alternating annually;
iii. Memorial Day, alternating annually;
iv. Independence Day, always with the Wife;
v. Labor Day, always with the Husband;
vi. Thanksgiving, alternating annually.
vii. Mothers Day and mother's birthday, Fathers Day and father's birthday with the respective parents.
viii. On the first Sunday of December, the children will be with the Wife to attend a Christmas event.
G. Each of the parties shall be entitled two (2) seven (7) day vacations with the minor children during the children's summer vacations, provided that they give the other party notice of the dates selected by no later than May 15th of each calendar year. Neither party shall select a week that includes Memorial Day, Independence Day, Labor Day, or the other parent's birthday unless he/she is entitled to the holiday in question pursuant to Paragraph 2.F above;
H. The provisions of Paragraphs 2.F and 2.G shall supercede and occur notwithstanding the provisions of Paragraphs 2.A through 2.D.
I. The parties shall keep themselves available to the other at all reasonable times to discuss issues related to the health, education, welfare and visitation with the minor children. Such availability shall include providing the other party with home telephone numbers, which shall have an answering machine in operating mode. CT Page 14426
BY ORDER OF THE COURT:
The Husband's and the Wife's visitation with the children on Tuesdays and Thursdays shall be from after school to 7:30 p.m.
The Husband shall have visitation with the children on Thanksgiving on even numbered years (starting in 2002) and the Wife on odd numbered numbers (starting in 2003).
The Husband and the Wife shall exchange cell phones numbers, but shall only call each other on the other's cell phone in emergencies or if they shall be late for visitations.
CHILD SUPPORT
By Agreement of the parties, the Husband shall pay to the Wife the sum of $168.00 per week as child support for the child residing with the Wife, said sum being in compliance with the Child Support Guidelines. A contingent income withholding shall enter, by agreement of the parties.
The obligations of support and maintenance of the minor children shall terminate as each such child attains the age of eighteen (18) years, marries, dies, becomes employed full time being no longer enrolled in high school, or ceases to reside with the Wife under circumstances where the Wife is no longer furnishing the child's support or becomes otherwise emancipated, which ever occurs first.
Notwithstanding that a child has reached the age of eighteen (18) years, if the child is a full time high school student and continues to reside with the Wife, the Husband shall continue to pay child support as specified above, until the child completes the twelfth (12) grade or attains the age of nineteen (19) years, whichever occurs first.
PUBLIC ACT NO. 02-128 — EDUCATIONAL SUPPORT ORDER
By agreement of the parties, the court finds that as a matter of fact, it is more likely than not that the parties would have provided support to the children for higher education or private occupational school if the family were intact. Due to the age of the children, the court retains jurisdiction to determine at a later date an educational support order upon motion made by either party at the appropriate time in the future.
MEDICAL INSURANCE — CHILDREN
By Agreement of the parties, the Husband shall maintain medical/dental CT Page 14427 insurance for the minor children as available through his employment for as long as he is able to insure the children, including after age 18 pursuant to Public Act No 02-128. Any unreimbursed medicals shall be paid for equally by the Husband and the Wife.
ALIMONY
The Husband shall pay to the Wife periodic alimony of $250.00 per week for the term of 5 years, non-modifiable as to term unless sooner terminated by the death of either party, the Wife's remarriage, or the Wife's cohabitation as defined by statute.
MEDICAL INSURANCE — WIFE
The Wife and the Husband shall share the cost for her medical insurance coverage for three years or until the Wife is employed and able to obtain medical/dental insurance of her own. The Husband shall pay 27% of the cost and the Wife shall pay 73% of said cost.
LIFE INSURANCE
By agreement of the parties, the Husband shall continue to maintain his present life insurance policy through his employment in the present amount of $208,000.00 naming the Wife as the beneficiary for as long as he is obligated to pay either alimony or child support. The Husband shall provide proof to the Wife of said insurance on an annual basis.
INCOME TAX RETURNS AND DEPENDENTS
By agreement of the parties, the Wife shall be entitled to claim Annmarie as a dependent exemption for income tax purposes and the Husband shall be entitled to claim Andrew as a dependent exemption for income tax purposes.
In the past the parties filed joint income tax returns. If there is any liability, cost or penalty associated with the previous fillings of joint income tax returns, the party responsible for the penalty shall be solely responsible for same and indemnify and hold the other party harmless from same.
PERSONAL PROPERTY
By agreement of the parties, the Husband shall retain the following: one (1) wood stove, his CB radio, the antenna radio tower (provided he fill in the hole which would be dug to remove it), the wrought iron table and CT Page 14428 chairs which formerly belonged to his grandparents, the antique replica radio, his fire plaques and trophies, the wine-making barrels, equipment and supplies, the food slicer, his clothing, his antique fire bottles, and the fire related Christmas ornaments
BY ORDER OF THE COURT:
The parties shall agree upon the division of their personal property located in the marital residence. If they are unable to do so, they shall submit the issue to Family Relations in New Haven mediation. If they are unable to reach an agreement the parties shall divide the property as follows: first the Wife shall select an item that she shall retain, then the Husband. They shall continue this alternating of selection until all items are divided.
REAL PROPERTY
The parties have agreed that the fair market value of the marital residence located at 67 Charnes Road, East Haven, Connecticut is $134,000.00.
The parties have further agreed that the Husband shall Quit Claim to the Wife all of his right, title and interest in and to the property located at 67 Charnes Road, East Haven, Connecticut within 30 days of the date of this dissolution. Thereafter, the Wife shall be solely responsible for and indemnify and hold the Husband harmless for the following: the mortgage, taxes, real estate taxes, sewer bill, insurance and all other costs associated with the property. The Wife shall make a diligent and reasonable effort to refinance the mortgage encumbering the property within 6 months from the date of the dissolution of the marriage.
DIVISION OF DEBTS
By agreement of the parties, the parties' debts are divided as follows:
A. 1st Union Overdraft — $2700 to be paid from tax refund
B. Sikorsky Visa — $1968 to be paid by the Husband
C. Macy's — $207 to be paid by the Wife
D. Fashion Bug — $249 to be paid by the Wife
E. JC Penney — $106 to be paid by the Wife CT Page 14429
 F. St. Raphael — $1200, for the Wife's surgery in 1999 and 2001 to be paid by the Wife
The Wife shall be responsible for the repayment of the loan from her father and the Husband shall be responsible for repayment of the loan from his mother.
The Wife shall be responsible to pay the Q-Card and Radio Shack bills and the Husband shall be responsible to pay the Papa C, LLC and Vacancy Busters bills.
BY ORDER OF THE COURT:
The October, 2001 SNET bill in the amount of $200.66 shall be paid from the tax refund.
SAVINGS BONDS — CHILDREN
By agreement of the parties, the party who has physical custody of the child shall be solely responsible for holding and investing the savings bonds in said child's name.
PERSONAL INJURY SETTLEMENT — ANNMARIE
By agreement of the parties, the Husband shall turn over to the Wife the personal injury settlement of the child, Annmarie, said settlement to be held by the Wife as custodian for the child.
AUTOMOBILES
By agreement of the parties, the Husband shall transfer to the Wife his interest in the 1991 Isuzu. The Husband shall return to the Wife the keys to said vehicle. The Husband shall be solely responsible for the loan on said Isuzu in the approximate amount of $1,400.00 and indemnify and hold the Wife harmless in regards to same.
The Husband shall retain all the other vehicles listed in his financial affidavit.
WORKERS COMPENSATION
By agreement of the parties, the Husband shall retain his workers compensation settlements free and clear of any claims by the Wife.
PENSIONS AND 401K ACCOUNTS
CT Page 14430
The Husband shall retain his pension, free and clear of any claim by the Wife.
The Husband shall transfer to the Wife the sum of $30,000.00 from his 401K by means of a Qualified Domestic Relations Order, if necessary. Any cost for preparation of same shall be paid for equally by the parties. The court shall continue its jurisdiction for the purpose of effectuating the terms of this clause so that its intent and purposes may be carried through.
INCOME TAX REFUND CHECKS
The court finds that the Husband properly used the 2000 income tax return for family needs.
By agreement of the parties, the court orders that that 2001 income tax return be split equally after the debts are paid pursuant to these orders.
ATTORNEY FEES
The parties shall each be solely responsible for their own attorney fees.
TAX RETURNS
The parties shall file separate tax returns for the year 2002 and thereafter. In past years the parties have filed joint tax returns. If there is any liability, cost or penalty associated with the previous filings of joint income tax returns, the party responsible for the penalty shall be solely responsible for same and indemnify and hold the other party harmless from same.
By agreement of the parties, the Husband shall take the child Andrew as a dependent for income tax purposes and the Wife shall take the child Annmarie as a dependent for income tax purposes.
MOTOR VEHICLES
By agreement of the parties, the Husband shall within 30 days from the date of this dissolution transfer to the Wife the title to the Isuzu and he shall be responsible for the payment of any loan on said vehicle and indemnify and hold the Wife harmless in regards to same.
MISCELLANEOUS
CT Page 14431
Each party shall sign any necessary documents to effectuate the orders contained herein.
___________________ FRANKEL, J. CT Page 14432